IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYDS, AS INSURER OF FCTG HOLDINGS GROUP,INC., D/B/A VIKING FOREST PRODUCTS, LLC.<br>    Plaintiff,<br><br>v.<br><br>GENESIS WORLDWIDE LOGISTICS, LLC<br>    Defendant | § § § § § § § § § § § § §    C.A. NO. _____ |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Certain Underwriters at Lloyds, as insurer of FCTG Holdings Group, Inc., d/b/a Viking Forest Products, LLC ("Forest City"), Plaintiff in the above-entitled and numbered cause, complaining of Genesis Worldwide Logistics, LLC ("Genesis"), hereafter also called "Defendant" herein, and in support would show the Court as follows on information and belief:

### I.
### PARTIES

2.  Plaintiff, Certain Underwriters at Lloyds, is an insurance entity, which is a citizen of the United Kingdom, which is subrogated to the interests of FCTG Holdings Group, Inc., d/b/a Viking Forest Products, a Delaware corporation or similar entity with a principal place of business in Portland, Oregon. Forest City was the bailor of certain goods, 765 crane mats, in question ("mats", or "crane mats", or "goods") and brings this action on its own behalf, and on behalf of, and for, the interests of all parties who may be or become interested in the goods in question.

3.      Defendant, Genesis Worldwide Logistics, LLC, (hereafter also called "Genesis"), was and now is a Texas corporation, or similar entity, which regularly does business in Texas as a warehouseman of goods. Genesis does maintain a registered agent in the state of Texas, and thus may be served through its registered agent, Edwin D. Heil, 1401 Navigation Blvd., Suite 118, Houston, TX 77007 or through Richard W. Hughes, another corporate executive at the same address.

## IV.
## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under Diversity Jurisdiction, 28 USC Sec. 1332, as the parties Plaintiff and Defendant are in complete diversity of citizenship and the amount in controversy exceeds $75.000.00.

5.      Venue is proper in the Southern District of Texas - Houston Division, because defendant has a business location in, and stored the goods in question in, Houston, Harris County, Texas which is within the Southern District of Texas.

## V.
## GENERAL

6.      Whenever Plaintiff alleges that Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives, did such act or thing, and that at the time such act, or thing, was done with the full authorization or ratification of the Defendant, or done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees or representatives.

## VI.

## FACTS AND FIRST CAUSE OF ACTION UNDER BAILMENT

7.      On or about July 26, 2011 Genesis, acting as warehousemen and/or bailees, entered into a contract with Forest City for the storage of various Forest City items, including crane mats for a cost to be paid by Forest City.

8.      Thereafter, Genesis received, in Houston, Texas, in good order and condition, a consignment of 785 crane mats, which are used in the oil industry as a foundation for operations in shifting soil environments. These crane mats were to be safely stored at Genesis warehouse facility at 3401 Navigation in Houston Texas and returned in the same good order as received upon demand of Plaintiff.  Forest City paid a monthly storage fee and expected the goods to be safely kept from untoward exposure to the elements, and not utilized for any purpose during that safe storage. Genesis received the goods in good order and condition and Genesis was supposed to safely store and redeliver the 785 Crane mats, in good order and condition, to Plaintiff.

9.      Defendant, Genesis, acting as warehousemen and/or bailees, undertook to arrange for storage, of the goods to Houston, Texas.  However, upon demand made by Forest City, Genesis did not redeliver the goods in the same good order and condition as they were received from Genesis' storage location in Houston, Texas.  The goods were damaged due to: 1) excessive exposure to water damage, 2) buried in mud, and 3) they were utilized for impermissible services during Genesis' storage. The goods were not redelivered in the same good order and condition as received.  The damages were caused to the negligence of Genesis.  The monetary loss incurred to Plaintiff's as a result of the : 1) excessive exposure to water damage, 2) buried in mud, and 3)

they were utilized for impermissible services during Genesis' storage was $197,867.97, for which Plaintiff demands recovery from Defendant.

## VII.
## NEGLIGENCE

10.   Defendant Genesis undertook duties as an entity which would:

    1.   provide safe storage,

    2.   prevent heavy objects from being stored on top of the mats in the mud,

, and/or

    3.   insure exclusive use of the goods at the instruction of Plaintiff only.

11.   The goods was damaged due to water damage, being buried in mud, and Genesis utilization of the goods for impermissible services of which Plaintiff did not approve. Genesis was to:

    1.   provide safe storage,

    2.   prevent of heavy objects from burying the mats in the mud,

, and/or

    3.   assure exclusive use of the goods at the instruction of Plaintiff only.

12.   Genesis was negligent in instruction of its own personnel and the instruction of others whom they employed to assist Genesis in its storage efforts.  Genesis was also negligent in their handling, storage, and/or protection of the mats from the elements, and failed to remove them from the mud when they saw them endangered by encroaching earth materials.

13.   Defendant Genesis was negligent as follows:

    1.   for failing to take adequate precautions to prevent water damage, burial of the mats in mud, and redirecting its own equipment (forklifts trucks and the like) and

       the equipment of others around the mats' storage location to prevent degradation of the mats' materials and surfaces,

2. negligent entrustment of its storage responsibilities to third parties which were under-insured, and/or were ill-equipped for, or were under-informed concerning goods sensitivity to: a) atmospheric deterioration and b) untoward traffic and weight exposure, and

3. for negligent instruction of those they hired.

14. These acts and/or omissions constituted a breach of the duties of care owed by Defendants, Genesis, acting as warehousemen and/or bailees, to Plaintiff, and/or proximately caused the water damage, untoward traffic and weight exposure, burial of the mats in mud, and impermissible utilization of the mats for services during the storage period in question.

## VIII.
## RES IPSA LOQUITUR COUNT

14. Plaintiff further relies on the doctrine of <u>res ipsa loquitur</u>, as the 785 Crane mats were damaged due to water damage, burial in mud, untoward weight exposure, traffic damage and utilization for impermissible services while within the care and/or custody of the Defendant, which, in the ordinary course of events, would not have occurred without negligence on the part of the Defendant, which negligence proximately caused the water damage, weight exposure, burial in mud, and utilization for impermissible services during storage.

## IX.
## CONTRACT BREACH

15. In the alternative, and without waiving the above causes of action, Defendant, acting as warehousemen or bailees agreed to: 1) prevent heavy objects from burying the crane mats in the

mud, 2) route traffic around the mats to prevent repeated exposure to damaging traffic, 3) prevent the mats from being placed into service for Genesis, or other parties, for their own purposes, and/or any other potentially damaging activity which a warehousemen knows or should have known might damage the crane mats while they were in Genesis' custody and control.

16.    Genesis, as a warehouseman and/or bailees, entered into a contract with the Plaintiff, or their agents, to warehouse, provide safe bailment and storage of the complete quantity of mats and then return them in good condition to Plaintiff from Genesis' storage facility in Houston, Texas.  Defendant is also liable for negligent instruction of its employees, and/or negligent entrustment of the goods to third-parties and/or cargo handlers, to whom they may have entrusted storage, warehousing and/or maintenance issues.  Defendants failed to deliver the goods in good order and condition to the Plaintiff in Houston, Texas, in the same condition and quantity as they received it.  Defendants thus breached their contract(s) of storage, their bailment contract(s), their duties as warehousemen, material handlers and/or safe storage providers, and have violated their duties and obligations as prevent heavy objects from burying the mats in the mud, which breaches proximately caused the mats to be water damage, buried in mud, and utilized for impermissible services, not authorized by Plaintiff.

## X.
## CONVERSION CLAIM

17.    In the alternative, Plaintiff claims that Defendant Genesis, acting as a warehouseman, placed the crane mats into Genesis' own service as a storage platform for other goods which Genesis stored at its warehouse facility.  By so doing Genesis used Plaintiff's mats to increase the footprint of its safe "above ground" storage facility, and kept other parties' goods from being

exposed to mud, rainwater and the atmospheric elements. As such, Genesis utilized Plaintiff's crane mats to its own profit at the expense of degradation and/or destruction of Plaintiff's mats. Genesis is also guilty of failing to redirecting its own equipment (forklifts trucks and the like) and the equipment of others around the mats' at their storage location to prevent degradation of the mats' materials and surfaces,

18.    As stated above, Genesis damaged Plaintiff's goods as a result of their untoward use and impermissible service of Plaintiff's crane mats. In so doing, Genesis converted the goods to its own use in violation of the Texas laws preventing bailees and/or warehousemen from converting goods to their own use. As such, Genesis is liable for actual damages to the mats due to their damage from use, or for Genesis failure to return the mats from bailment, and punitive damages, as set forth in the conversion of laws of Texas.

.

## XI.

## VIOLATION OF DUTY UNDER STANDARD OF CARE

19.    Defendant Genesis, acting as a warehouseman or bailee had a duty to: 1) prevent heavy objects from burying the crane mats in the mud, 2) route traffic around the mats to prevent repeated exposure to damaging traffic, 3) prevent the mats from being placed into service for Genesis, or other parties, for their own purposes, and/or any other potentially damaging activity which a warehousemen knows or should have known might damage the crane mats. As a warehouseman and/or bailee, Genesis failed to exercise the requisite care and protection of the goods, failed to properly instruct others, and/or failed to safely deliver the 785 Crane mats from storage in Houston, Texas, in the same condition as they received it. Defendants thus breached their duties as a safe storage entity, goods handler, warehousemen and/or bailees, which

breach(es) proximately caused the water damaged, buried in mud, and utilized for impermissible services in question.

## XII.
## AD DAMNUM CLAUSE AND CLAIM FOR ATTORNEY'S FEES

20. As a direct result of the activities above, Plaintiff suffered losses in the amount of $197,867.87, as nearly as same can now be estimated. Plaintiff retained the undersigned attorneys to present their claims to Defendant, and their claims have been presented to Defendant. However, the claims have not been paid, although duly demanded. Therefore, pursuant to Chapter 38 of the Tex. Civ. Prac. & Rem. Code Ann., Plaintiff further seeks reasonable attorney's fees in the amount of $65,000.00. Plaintiff further seeks all reasonable attorney's fees incurred in any future appeals.

## XIII.
## CONDITIONS PRECEDENT SATISFIED

21. Plaintiff has performed all conditions precedent necessary to allow recovery.

## XIV.
## JURY DEMAND

22. Plaintiff requests trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court issue a summons to Defendant Genesis, requiring them to appear, and that this Court award judgment to Plaintiff and against Defendant, including damages of $197,867.87, reasonable attorney's fees of $65,000.00, punitive damages for conversion, pre-judgment interest, post-judgment interest,

costs of the court, all reasonable attorney's fees incurred in any future appeals, and such other and further relief to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ Dana K. Martin/*

DANA K. MARTIN
SDTX I.D. No.: 126
Texas Bar No.: 13057830
DANIELA OLIVEIRA
SDTX I.D. No.: 1314516
Texas Bar No. 24075837
HILL RIVKINS, LLP
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Telephone: (713) 222-1515
Direct Line: (281) 457-2287
Telefax: (713) 222-1359
Email: dmartin@hillrivkins.com
Email: doliveira@hillrivkins.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF, CERTAIN UNDERWRITERS AT LLOYDS, AS INSURER FOR FCTG HOLDINGS, INC. D/B/A VIKING FOREST PRODUCTS, LLC**